IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JONATHAN ESTEP, an individual, | Case No. 3:16-cv-02214-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| FOREVER 21 RETAIL, INC., a foreign business corporation, doing business as FOREVER 21, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Jonathan Estep ("Estep") brings this action against his former employer, Forever 21 Retail, Inc. ("Forever 21"). Pending before the Court is Estep's motion to amend the Scheduling Order and reopen discovery for the limited purpose of assessing Forever 21's financial status. (ECF No. 47.) Forever 21 opposes the motion. (ECF No. 49.) For the following reasons, the Court grants Estep's motion to amend the Scheduling Order and reopen discovery.

## BACKGROUND

This Court's November 13, 2018, Opinion and Order contains a detailed account of the background facts. (ECF No. 42.)

PAGE 1 – OPINION AND ORDER

## ANALYSIS

### I. STANDARD OF REVIEW

"A [case management] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Ninth Circuit has instructed district courts to consider the following factors in deciding whether to amend a scheduling order to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted). The Rule 16 good cause standard focuses on the "reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citation omitted). If the moving party "was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and quotation marks omitted).

### II. DISCUSSION

Forever 21 opposes Estep's motion for three reasons: (1) Estep failed to confer with Forever 21 as required by Local Rule ("LR") 7-1(a)(1)(A); (2) Estep's motion contradicts prior representations he made to the Court; and (3) Estep seeks information that is not discoverable. (Def.'s Opp'n at 1-2.)

#### A. Local Rule 7-1

LR 7-1(a)(1)(A) requires that the first paragraph of every motion certify that "the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so." LR 7-1(a)(1)(A). Estep failed to comply with this rule by

corresponding via email only. (See Jennifer Warberg Decl. ¶ 2, Ex. A at 1, Dec. 31, 2018.) Nonetheless, the Court will address Estep's motion because, after reviewing the parties' briefs on this issue, the Court finds that conferral would have been futile. *See Hingston v. Quick Collect, Inc.*, No. 3:15-cv-1202-HZ, 2016 WL 4059158, at *5 (D. Or. July 28, 2016) (declining to dismiss a motion for failure to comply with LR 7-1 when "conferral on the present matter would have been futile"); *see also Williams v. Lincoln Nat. Life Ins.*, 121 F. Supp. 3d 1025, 1030 (D. Or. 2015) (considering a motion on its merits when it was likely that "if the motion were denied on procedural grounds, the movant immediately would seek to refile the motion").

### B. Judicial Estoppel

Forever 21 asks the Court to deny Estep's motion to reopen discovery under the doctrine of judicial estoppel because Estep prevailed on a contradictory position regarding the need for additional discovery in his motion to file an amended complaint adding punitive damages. (Def.'s Opp'n at 3.) The Court disagrees.

Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation omitted). Courts consider the following non-exhaustive factors in deciding whether to apply the doctrine in a particular case: (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) whether the party "succeeded in persuading a court to accept" its earlier position; and (3) whether the party asserting an inconsistent position "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750-51 (citations omitted); *see also City of Portland v. Iheanacho*, No. 3:17-cv-0401-AC, 2018 WL 1426564, at *5 (D. Or. Mar. 22, 2018) (noting that courts "should take into account 'specific factual contexts'") (quoting *New Hampshire*, 532 U.S. at 751).

PAGE 3 – OPINION AND ORDER

Here, it is undisputed that Estep's motion to reopen discovery is "clearly inconsistent" with his earlier position that amending his complaint to include a claim for punitive damages "requires no additional discovery or evidence." (ECF No. 17 at 8.) This Court, however, did not rely on Estep's argument that adding a claim for punitive damages would require no additional discovery. Rather, the Court granted Estep's motion to amend because it found "no inexcusable delay," and because "the allegations set forth in Estep's amended complaint [were] sufficient to support a claim for punitive damages." (ECF No. 42.) The Court therefore finds that judicial estoppel does not preclude Estep's motion to reopen discovery. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) ("[The Ninth Circuit] has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position.") (quoting *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998)).

### C. Relevance

Forever 21 also argues that Estep "should not be allowed to reopen discovery to serve requests which are irrelevant to the claims in the case." (Def.'s Opp'n at 4.) On the contrary, "[a] punitive damages award is supposed to sting as to deter a defendant's reprehensible conduct, and juries have traditionally been permitted to consider a defendant's assets in determining an award that will carry the right degree of sting." *Bains LLC v. Arco Prods. Co.*, 405 F.3d 764, 777 (9th Cir. 2005). The Court therefore finds that Forever 21's financial status is relevant to Estep's claim for punitive damages.

### D. Good Cause

Turning to the Rule 16 factors, the Court finds that good cause exists to modify the Scheduling Order and reopen discovery. The trial date is currently five months away, Forever 21's financial status is relevant to Estep's claim for punitive damages, and Forever 21 offers no

PAGE 4 – OPINION AND ORDER

argument as to how it would be prejudiced by limited discovery into its financial status. Furthermore, Estep acted diligently in seeking discovery regarding Forever 21's financial status because that information did not become relevant until this Court entered its November 13, 2018, Opinion and Order, allowing Estep to file an amended complaint adding a claim for punitive damages. (ECF No. 42.) Accordingly, the Court grants Estep's motion to amend the Scheduling Order and reopen discovery.

## CONCLUSION

For the reasons stated, the Court GRANTS Estep's motion to amend the Scheduling Order and reopen discovery for the limited purpose of assessing Forever 21's financial status. (ECF No. 47.)

**IT IS SO ORDERED.**

DATED this 4th day of February, 2019.

*Stacie F. Beckerman*
_____
STACIE F. BECKERMAN
United States Magistrate Judge